## W. G. BRADLEY V. THE STATE.

No. 22383. Delivered February 3, 1943.

The opinion states the case.

*Robert J. Allen*, of Lubbock, for appellant.

*Spurgeon E. Bell*, State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was charged with a violation of the local option liquor laws of Lubbock County, and, upon a plea of guilty, he was by the court fined the sum of $100.00.

It appears from the statement of facts that upon being first arraigned appellant pleaded not guilty. Whereupon he was told by the trial court to have a seat in the court room while some other business was being disposed of. In the meantime, after a conversation with a Liquor Control Board agent, appellant told the trial court that he desired to change his plea to one of guilty. This plea was accepted by the court, and a fine of $100.00 was entered by the judge. It appearing that appellant was possessed of insufficient funds to pay such fine and the costs, the court allowed him to go upon his own recognizance until the following Monday, this all having occurred on Saturday afternoon. Appellant was instructed to appear Monday either with the money or a deferred payment bond.

It seems to be appellant's present contention that he did not enter a plea of guilty to such complaint and information

at such time. We think the testimony clearly establishes the fact that such a plea was entered as shown by the statements of the Board agent as well as that of the county judge, as well as the judgment of the court reciting such plea of guilt.

There are no bills of exceptions in the record.

Perceiving no error in the record, the judgment is affirmed.